SIGNED.



**Dated: August 24, 2005**

**RANDOLPH J. HAINES**
**U.S. Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re<br><br>DANIEL JEREMY DAVIS and<br>JAIMI ANN DAVIS,<br><br>Debtors. | ) | Chapter<br><br>CASE NO. 0-04-01191-RJH |
| DANIEL JEREMY DAVIS and<br>JAIMI ANN DAVIS,<br><br>Plaintiffs,<br><br>v.<br><br>SNAP-ON CREDIT,<br><br>Defendant. | ) | ADVERSARY NO. 04-00048<br><br>MEMORANDUM DECISION DENYING APPLICATION FOR ATTORNEYS' FEES<br><br>(MEMORANDUM DECISION TO BE POSTED) |

This adversary proceeding was commenced by the Debtors against Snap-On Credit seeking damages for an alleged violation of the automatic stay pursuant to 11 U.S.C. § 362(h). Snap-On Credit prevailed on its motion for summary judgment, basically by demonstrating that the actions the Debtors complained of were taken by an independent dealer franchisee, not by Snap-On Credit.

Snap-On Credit has filed an application for award of attorneys' fees. Although the application does not so state, the attorneys' fee award is apparently sought pursuant to state law, probably A.R.S. § 12-341.01, because the only authorities cited in the application are cases where attorneys' fees were awarded pursuant to state statute.[1]

---

[1] *Cohen v. De La Cruz*, 118 Sup.Ct. 1212, 1215 & 1219 (1998) (because the New Jersey Consumer Fraud Act permits an award of attorneys' fees, the liability for attorneys' fees may also be

Ninth Circuit law is clear, however, that the awardability of attorneys' fees must be decided under the law that "provides the rule of decision in a contested matter."[2] Where state law provides the rule of decision, as in *Holiday Mobile Home*, "the bankruptcy court will award fees to the same extent allowed under the governing state law."[3] But where federal law provides the rule of decision, such as on a motion for stay relief, attorneys' fees may be awarded only if the governing federal law so provides.[4]

This was an action brought pursuant to Bankruptcy Code § 362(h), which has no counterpart under state law. Just like the lift stay action in *Johnson*, Federal Bankruptcy Law will provide the rule of decision in an action for damages for violation of the automatic stay. Consequently this case is controlled by *Johnson* rather than by *Holiday Mobile Home*, and attorneys' fees are not awardable.

Because the controlling Ninth Circuit law is so clear and so well established for over a decade, the Court is disappointed that an experienced bankruptcy practitioner would even make a claim for attorneys' fees under these circumstances. The Court is even more disappointed that the application for attorneys' fees did not even cite the controlling precedent, *Johnson*, when Ethical Rule 3.3(a)(2) makes such disclosure mandatory. The Court expects counsel to pay especially strict adherence to Ethical Rule 3.3(a)(2) when the opposing party is unrepresented, because of the greatly increased likelihood that no one will bring the controlling precedent to the Court's attention.

---

nondischargeable pursuant to Bankruptcy Code § 523(a)(2)(A) when the underlying debt was incurred by fraud); *Holiday Mobile Home Resorts v. Wood (In re Holiday Mobile Home Resorts)*, 803 F.2d 977, 979 (9th Cir. 1986) (where reopening of bankruptcy court is denied on grounds of *res judicata*, and the underlying judgment is one on which attorneys fees should have been, and were, awarded under A.R.S. § 12-341.01, such fees should be awarded to the successful party on the motion to reopen).

[2] *Holiday Mobile Home*, 803 F.2d at 979.

[3] *Id.*, citing *Merced Production Credit Association v. Sparkman (In re Sparkman)*, 703 F.2d 1097, 1099-1100 (9th Cir. 1983).

[4] *Johnson v. Righetti (In re Johnson)*, 756 F.2d 738, 741 (9th Cir. 1985) ("[B]ecause federal law governs the disposition of this relief from stay action, it should also govern disposition of the attorneys' fee issue in this case").



SIGNED

For these reasons, Snap-On Credit's application for attorneys' fees is denied. Snap-On Credit is awarded its costs pursuant to Bankruptcy Rule 7054(b).

DATED AND SIGNED ABOVE

Copy of the foregoing mailed/faxed
this 24th day of August, 2005, to:

Raul Abad, Esq.
Gust Rosenfeld P.L.C.
201 East Washington Street, Suite 800
Phoenix, AZ 85004-2327
Attorneys for Snap-On Credit LLC
Fax: (602) 254-4878

Daniel J. Davis
Jaimi A. Davis
756 Shalom Drive
Libby, MT 59923
Plaintiffs/Debtors Pro Se

/s/ Pat Denk
Judicial Assistant

SIGNED